IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROLLY O. KINNELL,**

                **Plaintiff,**

        v.                             CASE NO.  02-3228-SAC

**U.S.A., et al.,**

                **Defendants.**

### O R D E R

This matter is before the court on yet another bunch of papers submitted by plaintiff for filing herein.  The title on the top paper is "Motion for Leave to Present Relevant Facts to Amend Under Rule 15(a), upon 28 U.S.C. 1357, and 28 U.S.C. 1337(a)."  The top paper is construed as a "Motion for Leave to File Pleading" (Doc. 38), which is the only pleading plaintiff is currently permitted to submit herein.  The court finds that this motion and the other papers do not comply with the previously imposed filing restrictions in this case.  They are clearly more than a single-page motion with a copy of the court's restrictions order attached, and the title and content are non-compliant.  The arguments made in the motion are generally unintelligible, but it appears plaintiff is attempting to challenge the court's dismissal of his claims and filing restrictions imposed upon him in this case as void for lack of notice.  He has repeatedly been informed that reargument of his claims in this and other cases is not a proper basis for post-judgment relief.  Moreover, the court is not convinced that notice

was required prior to its imposing a requirement that he seek leave to file repetitive post-judgment motions herein.  See In re McDonald, 489 U.S. 180, 181-82 (1989); In re Sindram, 498 U.S. 177, 180 (1991).  However, even if it were, he can hardly show prejudice given the 2008 restrictions followed restrictions imposed herein years ago, and thus he had adequate notice that his abusive filing habits resulted in filing restrictions.  The court concludes no valid basis for relief from judgment is stated by the facts alleged in the motion or his challenge to the limited filing restrictions imposed long after judgment was entered.  Accordingly, this motion, treated as a "Motion for Leave to File Pleading," shall be denied.

## NO FILE ORDER

The court appreciates that Mr. Kinnell has made some effort to comply with filing restrictions imposed upon him.  However, based upon the continually expanding record herein, and for reasons that follow, the court has come to the conclusion that he should be enjoined from filing any further papers in this case.

The court first finds that Mr. Kinnell has abused judicial process over several years in this case, and continues that abuse despite the court's curtailment efforts.  This pro se civil complaint was filed and dismissed as frivolous and malicious[1] in

---

[1] In this pro se civil action plaintiff sued the United States, State of Kansas, and "all its judicial courts in the Tenth Circuit."  He alleged in his complaint that "all federal racist judges have been illegally seated in Kansas" and claimed 28 U.S.C. § 1915(g) denied access to the courts and allowed judges and clerks to "deem your pleading is frivolous without having to show how the plaintiff can't prove his allegations."  He also claimed the state appellate court was keeping him falsely imprisoned.  He generally requested relief from

2

2002. (Doc. 5). Plaintiff's motion for leave to proceed in forma pauperis was denied in the same Order based upon his filing history as a three-strikes litigant and no showing in the case that he was "under imminent danger of serious physical injury." Plaintiff did not appeal the order of dismissal.

Three years later, Mr. Kinnell filed a post-judgment motion (Doc. 8) that was denied. A month later, he filed an Affidavit of Prejudice against the undersigned judge and another post-judgment motion. These matters were rejected as "frivolous, abusive, and as having no legal merit." The court also ordered that "plaintiff shall seek leave of the court before he submits any other pleading for filing in this action." (Doc. 12 ). In 2006, Kinnell filed another motion, which the court denied stating:

> Plaintiff is advised that the court will deny leave to file any future pleadings containing the same or similar claims to those asserted in the instant motion.

(Doc. 14) at 1-2. The court also ordered:

> [P]laintiff shall seek leave of the court before he submits any other pleading for filing in this action. Any such request shall reference the present order. The failure to comply with this directive may result in the striking of the pleading without prior notice to plaintiff.

Id. at 2. Kinnell appealed this order, and the Tenth Circuit Court of Appeals dismissed his appeal pursuant to 28 U.S.C. § 1915(g) for

---

"adverse judgments" and stays in other of his 24 cases filed in federal court and state court cases. The complaint is replete with frivolous, spurious and malicious allegations of many sorts regarding interstate commerce, embargoes, trade with Cuba and Iraq, female clerks, Sherman Antitrust violations, price fixing, and economic theory, as well as plaintiff being the "Spokesperson to represent the mass Unrepresented Class," and given control of a corporation to manage the National debt.

"lack of prosecution."  (10th Cir., App.Case No. 06-3119, May 8, 2006)(Doc. 20)[2].

Kinnell was not deterred, and in January 2008 submitted more post-judgment motions, which were denied as non-conforming. He apparently appealed, since the Tenth Circuit on March 12, 2008, ordered him to pay the full $455.00 fee in their Case No. 08-3041, and on April 9, 2008, dismissed the appeal for lack of prosecution (Doc. 25).

The court thereafter received more materials from Mr. Kinnell, and in its order dated July 10, 2008, found he "continues to fail or refuse to abide by the filing restrictions" in this case, and that the materials did not comply with the restrictions. The court also found the materials contained "no significant new facts, arguments, or authorities that would support a timely, proper post-judgment motion." (Doc. 26).  The court ordered the materials returned to Mr. Kinnell unfiled as a result.  The court also imposed filing restrictions with more specific directions, finding it in "the interest of preserving judicial resources" to limit Kinnell's pro se pleadings herein to a single-paged "Motion for Leave to File Pleading" with the "title of the pleading he wishes to file" in the body together with a brief description of its legal and factual basis.  The court also required that any future motion be "based upon relevant facts, Supreme Court

---

[2] The Tenth Circuit Court of Appeals found 28 U.S.C. § 1915(g) was applicable, and Mr. Kinnell had failed to show cause why he should not be required to pay the filing fee in full.  The appeal was then dismissed when he failed to pay the fee.

4

authority, or arguments . . . not presented in prior pleadings filed herein." It was believed this would compel Mr. Kinnell to only file proper motions, as well as enable the clerk to determine his compliance prior to filing and immediately return any non-complying papers Id.

Since then, Kinnell has continued to file materials in this post-judgment, post-appeal-time case. One document was returned as non-compliant, and a motion was denied as non-sensical and abusive. Kinnell next filed another Notice of Appeal, which was dismissed (Doc. 37) because "plaintiff failed to show cause why the restrictions imposed (by that court in Kinnell v. Secretary, 1999 WL 819570 (10th Cir. 1999)) do not apply to this proceeding." Kinnell v. U.S.A., No. 08-3222 (10th Cir., Sept. 2, 2008).

At the time of this writing, Mr. Kinnell has filed 7 post-judgment motions, has had other documents stricken and returned as non-complying, and has filed 3 appeals in this action. Since the judgment of dismissal was entered (Doc. 5), his filings have generated an additional 33 docket entries in this closed case.

Second, the court holds that Mr. Kinnell has no constitutional or other legal right that will be infringed by putting an end to his filing in this case[3]. His rights of access to the courts and to petition for redress certainly do not hinge on

---

[3] "It can hardly be doubted that deterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources, is a legitimate state interest." White v. Colorado, 157 F.3d 1226, 1234 (10th Cir. 1998)(citing Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997); see also Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir. 1998)(noting Congress' legitimate interest in deterring frivolous prisoner filings in the federal courts)), cert. denied, 526 U.S. 1008 (1999).

his being able to file an endless stream of repetitive, frivolous motions herein[4]. His original claims were soundly rejected by this court. Despite several opportunities, he has consistently failed to propound any legitimate factual or legal basis for post-judgment relief. He merely continues to improperly argue and reargue claims from this and other cases[5]. Cf., Fed.R.Civ.P. Rule 60(b). Nor can the court conceive of any basis upon which the unappealed judgment entered herein over six years ago could be voided. See Fed.R.Civ.P. Rule 60(b). Moreover, new claims, like reasserted ones, cannot properly be litigated in a post-judgment motion. Instead, any new claim Kinnell may have now or in the future must be raised in a new action.

An order enjoining further filings in this case will in no way impair Mr. Kinnell's ability to bring new claims before the courts. He is not prohibited by his three-strikes designation from filing new actions[6]. However, as he is well-aware, absent a showing of imminent physical danger, he is required to prepay the

---

[4] See White, 157 F.3d at 1233 ("Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them.")(citation omitted).

[5] Mr. Kinnell's claims in this action are, for the most part, non-habeas claims that are generally incomprehensible and frivolous. Occasionally, he tosses in a challenge to his state conviction, when such challenges may only be raised in a habeas corpus petition. He has filed habeas corpus petitions for that purpose that were denied, his habeas claims are not properly raised in this civil action, and it would not serve the interest of justice to transfer any habeas claims improperly raised herein to the Tenth Circuit for prior approval of a second and successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A).

[6] § 1915(g) "does not prevent prisoners with three strikes from filing civil actions; it merely prohibits them the privilege of in forma pauperis status." Jennings, 175 F.3d at 778 (citing White, 157 F.3d at 1233.). An inmate barred by § 1915(g) from proceeding in forma pauperis may proceed under the fee provisions of 28 U.S.C. § 1914 applicable to everyone else.

entire filing fee before any new action or appeal may be considered[7]. Mr. Kinnell apparently seeks to avoid additional stacked fee obligations for new actions[8] by repetitively seeking post-judgment relief. It flies in the face of Congress' intent underlying the three-strikes provision to allow him to freely continue to file improper, frivolous and often-times malicious materials in this and other closed cases, when he is duly restricted from filing a new case without paying the full filing fee or making a credible showing of imminent danger[9].

The court concludes that no useful purpose is served by allowing Mr. Kinnell to file more post-judgment motions in this case. It will only lead to further squandering of the federal judicial system's and his own limited resources. Accordingly, the court announces its intention, under these unique circumstances, to enjoin Mr. Kinnell from filing any further papers of any kind in this case. The court takes this action in furtherance of its power and duty to manage its own docket and protect limited judicial resources from irresponsible abuse. See also 28 U.S.C. § 1651;

---

[7] § 1915(g) "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." Jennings v. Natrona County Detention Center Medical, 175 F.3d 775, 778 (10th Cir. 1999)(citing White, 157 F.3d at 1232).

[8] The court reminds Mr. Kinnell that legitimate reasons for his three-strikes designation have been chronicled in other of his cases and not successfully challenged by him. He is also reminded that the three-strikes provision is a federal law, and its constitutionality has been upheld by the Tenth Circuit in the face of his and others' challenges. Kinnell, 265 F.3d at 1128-29; Dubuc v. Johnson, 314 F.3d 1205, 1209 (10th Cir. 2003)("There is no doubt that § 1915(g) is constitutional.").

[9] None of the factual allegations underlying the complaint or made in Kinnell's motions filed herein suggests that imminent danger of serious physical injury is an element in this action.

Werner v. State of Utah, 32 F.3d 1446, 1448 (10th Cir. 1994).

Mr. Kinnell will be given ten (10) days to object to this proposed no-file restriction.  His objections are limited to five pages including attachments, and may not contain any arguments on his claims in this or his other cases, but may only address the proposed no-file order itself.  If no objections are timely filed, or if the objections are improper or without merit, this court will enter an order enjoining Mr. Kinnell from filing any further materials in this case, and direct the clerk to flag this case accordingly and promptly return any and all materials submitted by Mr. Kinnell for filing herein.

Any Notice of Appeal of this order filed by Mr. Kinnell that is submitted without prepayment of the full appellate filing fee is not taken in good faith.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion for Leave to File Pleading" (Doc. 38) is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted ten (10) days in which to file written objections to the court's proposed order to enjoin him from filing any further materials in this case.

**IT IS SO ORDERED.**

Dated this 1st day of April, 2009, at Topeka, Kansas.

                                 <u>s/Sam A. Crow</u>
                                 U. S. Senior District Judge